# NEWPORT COUNTY.

———◆———

WILLIAM J. H. AILMAN, Collector of Taxes of the City of New-
port, *vs.* JOHN N. A. GRISWOLD.

Gen. Stat. R. I. cap. 39, § 9, provides, "All ratable personal property shall be taxed in the
town in which the owner shall have had his actual place of abode for the larger portion
of the twelve months next preceding the first day of April in each year."

*Held,* that " the larger portion of the twelve months" means more than half of them in
duration of time.

*Held,* further, that persons who have had no actual place of abode in this State for more
than six of the twelve months before the first day of April preceding the assessments are
not subject to this provision.

*Held,* further, that such persons are taxable in the town of their residence when the taxes
of such town are assessed.

CASE, under Gen. Stat. R. I. cap. 41, § 26. Heard by the
court on the following statement of facts agreed to and signed by
the attorneys of the litigants :

" Suit by the tax-collector of Newport to recover the regular
municipal tax ordered June 9, 1874, and assessed against the de-
fendant by the tax assessors of said city during the summer, to
wit, on the 31st day of August, 1874, and ordered to be paid on
or before November 14, 1874. The amount of principal money
of the tax claimed by the plaintiff at the commencement of the
suit was three thousand eight hundred and ninety-six dollars
sixty-four cents, of which the defendant has since paid all relative
to his real estate, to wit, the sum of thirteen hundred and twen-
ty-six dollars eighty-four cents, having made a legal tender
thereof when or before it was due, but the residue of twenty-five
hundred and sixty-nine dollars sixty cents, to wit, the tax as-
sessed on his personal estate, he has always refused and now re-
fuses to pay.

" The defendant in 1873 paid the regular municipal tax as-
sessed in said Newport, on both real and personal estate, and was
assessed or taxed in Newport that year for $277,000 of personal
property, and had paid the regular annual municipal taxes there
on his real and personal property for and during the previous ten
successive years as an inhabitant of this State.

" During all this period, until July 5, 1873, he occupied a dwelling-house built by himself in Newport in 1864, which since the day it was built until the present time has always been furnished.

" In March, 1873, at a public election or voting legally organized and held at ward meetings in said city, the defendant voted, and he also voted again at a like public election or voting legally organized and held at ward meetings in said city on the 15th day of September, 1873, and has not since that time voted in Newport.

" On July 5, 1873, the defendant went with his family to a farm owned by him in the town of Portsmouth, R. I., where he and they remained until September 22, 1873.

" On the 18th day of September, 1873, he signed a lease of a house in the city of Boston, Mass., for the winter of 1873–4, having negotiated for said house and agreed to hire it early in said September or prior to the 15th of that month, and under the said lease he went into the occupation of the said house in Boston, with his family, on the 16th day of October, 1873, remaining there until July 3, 1874, when he returned to his said farm in Portsmouth, remaining there until the following autumn.

" From the 22d day of September, 1873, until the 16th day of October, 1873, he with his family occupied his said house in Newport. During the summers of 1873 and 1874 his said house in Newport was rented to and occupied by one William M. Grosvenor.

" From the 16th day of October, 1873, until about December 1, 1873, his said house in Newport was occupied, rent free, furnished as usual, by friends of the said defendant. Defendant had previously passed winters with his family in New York city, but during the winters of 1870–1, 1871–2, 1872–3, had resided in his house at Newport.

" On April 16, 1874, he sent said assessors the following letter, which was duly received by the collector of taxes of Newport and communicated by him to said assessors :

" 69 BEACON STREET, BOSTON, *April* 11, 1874.

" *To the Assessors of the City of Newport* :

" SIRS, — Having been absent from Newport since 16th October last, and intending to reside on my farm at Portsmouth the

coming summer, I shall elect the latter as my residence, and therefore request you to remove my name from the list of tax-payers on personal property in the city of Newport.

Respectfully,

" Your obedient servant,

" J. N. A. GRISWOLD.

" The defendant was not overtaxed, if taxable at all, on his personal estate in Newport.

" He paid no personal property tax in Boston for 1874, but paid it in Portsmouth, R. I., that year and every subsequent year until 1877, when he paid it in Newport. The Portsmouth taxes for 1874 were assessed on May 4 and 5 of that year. He was not assessed in Newport on his personal property between 1874 and 1877.

" Upon these facts if the court find that the defendant was taxable for personal property in Newport, judgment shall be rendered for the plaintiff for $2,569.60 and interest from November 14, 1874, and costs of this suit. Otherwise judgment shall be entered for defendant for his costs."

The statutory provisions referred to in the following opinion of the court are :

Gen. Stat. R. I. cap. 39, § 9,

" All ratable personal property shall be taxed in the town in which the owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the first day of April in each year, unless otherwise provided. Merchandise, stock in trade, lumber and coal, stock in livery stables, machinery and machine tools, being in buildings or on wharves, or otherwise permanently located in any town, and belonging to persons not residing in this State, shall be taxed to the owner in the town where the property may be when the tax is assessed.

" Persons residing in this State, and owning property of the description above mentioned, located in and taxable in any other State, shall not be taxed therefor in this State."

Gen. Stat. R. I. cap. 40, § 4,

" The assessors shall assess and apportion any tax on the inhabitants of the town and the ratable property therein, at the time ordered by the town."

*Newport, June* 9, 1879. PER CURIAM. We think the words, " the larger portion of the twelve months," in Gen. Stat. of R. I. cap. 39, § 9, mean more than half of them in duration of time. The section therefore does not determine the place of taxation for personal property tax-payers who have not had any actual place of abode in any town in the State for longer than six out of the twelve months next previous to the first day of April pre- ceding the assessment. Such tax-payers are taxable in the sev- eral towns in which they are inhabitants when the taxes in such towns are assessed. Gen. Stat. R. I. cap. 40, § 4. It follows that the defendant was not taxable for personal property in the city of Newport, in August, 1874; for he was then an inhabitant of the town of Portsmouth, and he had not had an actual place of abode in the city of Newport for more than six of the twelve months next preceding the first day of April, 1874.

*Judgment for the defendant for his costs.*

*Francis B. Peckham, Jr.,* City Solicitor of the city of Newport, for plaintiff.

*Abraham Payne & Samuel R. Honey,* for defendant.